IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CLARENCE GARFIELD BUFFALO,<br>    Plaintiff, | )<br>)<br>) | Civil Action No. 7:14cv00323 |
| v. | )<br>) | **MEMORANDUM OPINION** |
| COMMISSIONER OF MENTAL<br>HEALTH, *et al.*,<br>    Defendants. | )<br>)<br>)<br>) | By: Michael F. Urbanski<br>United States District Judge |

Clarence Garfield Buffalo, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 naming the Commissioner of Mental Health, a psychiatrist, two attorneys, and a state court judge as defendants. Having reviewed Buffalo's complaint, the court will dismiss the complaint without prejudice as frivolous.[1]

Buffalo alleges that the defendants "brainwash[ed] frivolous information reports to all [his] one-time long-ago attorneys." Buffalo claims that the defendants "would get the lawyers to get the judge to hand down a state court order to keep [him] held up in the hospital just by keeping [him] drugg[ed] up on [his] 2 biannual state court hearing[s] [and] tampered with the nature of a case by giving large doses of medication treatment." Buffalo asks the court to, *inter alia*, award him damages and appoint him counsel "to get [his] hospital medical records from" the defendants.

The court must dismiss a case if it determines that the action "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). A "frivolous" claim is one that "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989) (interpreting "frivolous" in former version of 28 U.S.C. § 1915(d)). The court's statutory authority to summarily dismiss

---

[1] Buffalo also filed a "motion brief file follow up," which the court construes as a motion to amend his complaint to add "Taxpayers," "State Hospital Employees," "the Commonwealth Attorney," and a social worker at Western State Hospital as defendants to this action. However, having reviewed the motion, the court denies the amendment as futile because Buffalo fails to allege any cognizable facts against these defendants.

frivolous complaints includes "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. at 327-28. Buffalo's legal claims under § 1983 are clearly baseless and, therefore, the court will summarily dismiss the action under § 1915(e)(2)(B)(i) without prejudice as frivolous.

        Entered: October 31, 2014

*Michael F. Urbanski*

Michael F. Urbanski
United States District Judge